Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered May 6, 2009, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
In denying the defendant’s challenge pursuant to Batson v Kentucky (476 US 79, 96 [1986]), the Supreme Court properly determined that the race-neutral reasons given by the prosecutor for exercising peremptory challenges with respect to several African-American jurors were not a pretext for discrimination (see People v Smocum, 99 NY2d 418, 421 [2003]; People v Richie, 217 AD2d 84, 89 [1995]; see also Thaler v Haynes, 559 US —, 130 S Ct 1171 [2010]; People v Johnson, 73 AD3d 578 [2010]).
*932 The defendant’s contention that the admission of certain evidence violated his constitutional right to confrontation is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 21 [1995]), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The Supreme Court properly denied the defendant’s request for a justification charge since, viewing the evidence in the light most favorable to him, there was no reasonable view of the evidence establishing the elements of the defense (see Penal Law § 35.15 [2] [a]; People v Grady, 40 AD3d 1368 [2007]; see also People v Reynoso, 73 NY2d 816, 818 [1988]).
The defendant’s remaining contention, regarding the People’s introduction into evidence of an alias used by him, is without merit. Florio, J.P, Leventhal, Austin and Cohen, JJ., concur.